UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TENET HEALTHSYSTEMS HOSPITALS, INC. (d/b/a DOCTORS HOSPITAL OF JEFFERSON, MEADOWCREST HOSPITAL, NORTHSHORE REGIONAL MEDICAL CENTER, and SAINT CHARLES GENERAL HOSPITAL), ET AL. | * | CIVIL ACTION |
| | * | NO. 07-5270 |
| VERSUS | | |
| COVENTRY HEALTH CARE OF LOUISIANA, INC. | * | SECTION "L" (3) |

**ORDER & REASONS**

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 4).  For the following reasons, the Plaintiffs' motion is now GRANTED and this matter will be REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**I.     BACKGROUND**

The Plaintiff corporations in this matter operated a chain of hospitals in Louisiana.[1]  On June 20, 2002, the Plaintiffs entered into a Participating Hospital Agreement ("PHA") with Coventry Health Care of Louisiana, Inc. ("Coventry") whereby the Plaintiffs agreed to provide healthcare services to Coventry's insureds at agreed upon rates.  The Plaintiffs contend that under the terms of the PHA, Coventry was obligated to either deny coverage or reimburse the

---

[1] The Plaintiffs include the following entities:  Tenet HealthSystems Hospitals, Inc. (d/b/a Doctors Hospital of Jefferson, Meadowcrest Hospital, Northshore Regional Medical Center, and Saint Charles General Hospital); Lifemark Hospital of Louisiana, Inc. (d/b/a Kenner Regional Medical Center); Tenet HealthSystems Memorial Medical Center, Inc. (d/b/a Memorial Medical Center, Inc.); and Tenet Mid-City Medical, LLC (d/b/a Lindy Boggs Medical Center).

Plaintiffs at the agreed upon rates once a claim was submitted to it.

On April 23, 2007, the Plaintiffs filed suit against Coventry in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  The Plaintiffs allege that Coventry has failed to pay twenty-three claims billed to it, involving twenty-two individual patients, totaling $233,646.85, all in violation of the PHA.  The Plaintiffs seek to recover this sum, in addition to penalties under Louisiana law, attorneys' fees, costs, and interest.

On August 30, 2007, Coventry removed the case to this Court pursuant to 28 U.S.C. § 1441(a).  Coventry argues that the bulk of the Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and thus that this Court has federal question jurisdiction over the instant dispute.  Coventry contends that the Plaintiffs are assignees of benefits payable under various beneficiaries' group health insurance plans, which are governed by ERISA, and thus characterizes the Plaintiffs' claims as claims for benefits under these plans.  To the extent that some of the Plaintiffs' claims may not arise under ERISA, Coventry argues that the Court may exercise supplemental jurisdiction over such remaining claims pursuant to 28 U.S.C. § 1367.

On September 24, 2007, the Plaintiffs filed the instant motion to remand.  The Plaintiffs argue that their claims do not arise under ERISA, are not preempted by ERISA, and that a forum selection clause in the PHA dictates that this matter was properly filed in the 24th Judicial District Court for the Parish of Jefferson.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th

Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). A federal question exists when "there appears on the face of the complaint some substantial, disputed question of federal law." *Id.* (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). The Plaintiffs' complaint in this case does not raise a federal question, but instead asserts state-law claims for breach of contract and penalties. The Court's inquiry, however, does not end here.

ERISA contains a preemption provision that states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Ordinarily, preemption is a defense to a plaintiff's suit and therefore does not appear on the face of the complaint; accordingly, a defense of federal preemption would generally not permit removal to federal court. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). However, when a federal statute "completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The United States Supreme Court has held that ERISA is such a statute. *See Taylor*, 481 U.S. at 65-67. Indeed, the Supreme Court recently addressed complete ERISA preemption of state-law

claims in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2006):

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Id.* at 210 (internal quotation and citation omitted). The Court will address each of these prerequisites for complete ERISA preemption in turn.

  **A.**  **Standing to Sue under ERISA?**

To determine whether the Plaintiffs' claims in the instant case are completely preempted, the Court must first determine whether the Plaintiffs *could* have brought their claims under ERISA. Healthcare providers such as the Plaintiffs are not statutorily designated as ERISA beneficiaries. *See, e.g., Dallas County Hosp. Dist. v. Blue Cross Blue Shield of Texas*, No. 05-582, 2006 WL 680473, at *4 (N.D. Tex. Mar. 14, 2006). However, a healthcare provider has standing to sue under § 502(a) of ERISA when a plan beneficiary or participant validly assigns his or her right to benefits under the plan to the provider. *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988); *see also Center For Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. 06-9985, 2007 WL 1428717, at *4 (E.D. La. May 10, 2007). As the removing defendant, Coventry "[bears] the burden of establishing the existence of an assignment." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 401 (3d Cir. 2004).

  For purposes of the instant motion, the Court finds that Coventry has failed to satisfy its

4

burden of demonstrating the Plaintiffs' standing to sue under ERISA.  It is true that the Plaintiffs state in their complaint that they have "valid assignments of benefits executed by and on behalf of various beneficiaries of Coventry," Pls.' Compl. ¶ 16 (Rec. Doc. 1-2).  However, it is not clear from the face of the Plaintiffs' complaint whether these assignments relate to ERISA plans. Indeed, although Coventry argues that "[t]here can be no doubt" that the Plaintiffs are attempting to recover benefits payable under ERISA plans, Coventry provides nothing beyond the arguments of its counsel to demonstrate that the beneficiaries referred to in the complaint are beneficiaries under ERISA plans.[2]  Accordingly, the Court finds that Coventry has failed to demonstrate that the Plaintiffs could have brought their claims under ERISA.

### B.   Independent Legal Duty?

Assuming for the sake of argument that the Plaintiffs could in fact have brought their claims under ERISA, the Court nevertheless finds that these claims are not completely preempted because they are predicated on a legal duty independent of ERISA, namely the PHA. *See Pascack*, 388 F.3d at 402-04; *see also Blue Cross of California v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1050-52 (9th Cir. 1999).  The Plaintiffs' claims in this case arise from the terms of the PHA, which is a contract entered into by the Plaintiffs and Coventry. Accordingly, the Court finds that the Plaintiffs' claims are not completely preempted for this additional reason.  Whether or not such claims are viable on the merits, however, is a question

---

[2]  Moreover, in the absence of any supporting documentation, the Court cannot determine the scope of the assignments in this case.  That is, the Court does not know whether these assignments are "full assignment[s] of benefits," or whether the assignments "simply authorize[] direct payment to [the Plaintiffs]."  *Touro Infirmary v. American Maritime Officer*, No. 07-1441, 2007 U.S. Dist. LEXIS 86574, at *19 (E.D. La. Nov. 21, 2007).  This is an important distinction for purposes of the Court's removal jurisdiction over this case, and one which Coventry has also failed to clarify.

that this Court does not reach.[3]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion Remand (Rec. Doc. 4) is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this __14th__ day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that the PHA between the Plaintiffs and Coventry contains a forum-selection clause which provides that "[i]f the parties are unable to resolve [a] dispute through non-binding mediation and all parties have made a good faith effort to resolve the dispute through non-binding mediation, any party may initiate litigation in a court of competent jurisdiction located in Jefferson Parish, Louisiana." Ex. A to Pls.'s Mot. to Remand (Rec. Doc. 4-5). This provision is valid on its face and Coventry does not argue that the clause is unreasonable. Therefore, having found that the Plaintiffs' claims are not completely preempted by ERISA, the forum-selection clause in the PHA supplies an additional justification for remand in this case.